**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED SCREENERS ASSOCIATION LOCAL ONE; WINSTON ARVER; STEVENSON FONG; RALY FERNANDEZ; NATHANIEL MONTEVIRGEN; RICHARD HERMANSON; JEFF MICHAELSON; JOEL BALDERAMA; ERIC LATOSA and DOES 1-10,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO AIRPORT COMMISSION; JOHN L. MARTIN, in his official capacity as Director of the San Francisco International Airport; COVENANT AVIATION SECURITY, LLC; GERRY BERRY, in his official capacity as President of Covenant Aviation Security LLC<br><br>    Defendant.<br>_____/ | No. C 05-00001 JSW<br><br>**ORDER ON DEFENDANTS' MOTIONS TO DISMISS** |

## I. INTRODUCTION

This matter comes before the Court upon consideration of motions to dismiss Plaintiffs' First Amended Complaint ("FAC") filed by (1) Defendant Covenant Aviation Security, LLC ("Covenant") and (2) the City and County of San Francisco ("City"), the San Francisco Airport Commission ("Commission"), and John L. Martin ("Mr. Martin") (collectively "City Defendants").

Covenant moves to dismiss Plaintiffs' third cause of action for breach of contract in part, and moves to dismiss, in full, the fourth cause of action for wrongful termination, the fifth cause of action for

1  a violation of California Labor Code Section 1122[1], and the sixth cause of action for "fraudulent
2  removal of employee documents."[2]  The City Defendants move to dismiss the FAC on the ground that
3  Plaintiffs do not have standing to pursue the claims against the City Defendants and, in addition, assert
4  that those claims are not ripe for decision.

5       Having considered the parties' pleadings, relevant legal authority, the record in this case and
6  having had the benefit of oral argument, the Court GRANTS the motions.  The Court, however,
7  dismisses the First Amended Complaint without prejudice to Plaintiffs filing a second amended
8  complaint in accordance with the terms of this Order.

## II.  FACTUAL SUMMARY

10       In February 2000, the Commission adopted Resolution No. 00-0049 entitled "Resolution
11  Approving Use of Labor Peace/Card Check Rule and Model Card Check Agreement"  (FAC, Ex.
12  B.)  For ease of reference the Court shall refer to the three documents encompassed by that resolution
13  - resolution, rule and agreement - as the "Card Check Resolution".  In brief, the Card Check
14  Resolution enables a labor organization to become the recognized representative for a group of
15  employees through a mechanism that is separate from election procedures established by the National
16  Labor Relations Act.  (*Id.*)

17       Covenant provides passenger and baggage security screening at the San Francisco
18  International Airport ("SFO"), pursuant to a contract with the Department of Homeland Security.
19  (FAC, ¶ 25.)  It is not disputed that Covenant has entered into a "Covered Contract" as that term is
20  defined in the Card Check Resolution.

21       Individual Plaintiffs, Arver, Stevenson Fong ("Fong"), Raly Fernandez ("Fernandez"),
22  Nathaniel Montevirgen ("Montevirgen"), Richard Hermanson ("Hermanson"), Joel Balderama
23  ("Balderama"), Eric Latosa ("Latosa"), and Jeff Michaelson ("Michaelson") are former or current

---

[1]  At the hearing Plaintiffs conceded this claim should be dismissed.  Accordingly, Covenant's motion is GRANTED as to this cause of action without leave to amend.

[2]  Covenant also moved to dismiss Plaintiff Winston Arver's ("Arver") seventh cause of action. In the alternative, Covenant moved for a for a more definite statement on this claim which sought relief for "disparate, discriminatory, and retaliatory action".  In response to Covenant's motion, Arver agreed to withdraw claims based on violations of Title VII and California Labor Code section 132a and also agreed to provide a more definite statement.  Accordingly, Covenant's motion is GRANTED as to the seventh cause of action, but with leave to amend.

2

employees of Covenant. (*See* Caption to FAC, ¶¶ 58-65.) Michaelson also is President and Legal Affairs Chair of Local One. (*See generally* FAC.)

Local One is a labor union that wants to be the recognized bargaining agent for Covenant employees. (*See, e.g., id.*, ¶ 82.) It has, however, had to compete with Service Employees International Union Local 790 ("SEIU Local 790") in its efforts. Before this suit was filed, SEIU Local 790 was the recognized bargaining agent for Covenant employees. Michaelson and Local One, however, filed a charge of unfair labor practices with the National Labor Relations Board ("NLRB"), which resulted in a settlement among Covenant, Local One and SEIU. As a result of that settlement Covenant was required to withdraw its recognition of SEIU Local 790 as the recognized bargaining agent for its employees and the Collective Bargaining Agreement ("CBA") between Covenant and SEIU was rescinded. (*Id.*, ¶¶ 34, 44-46, 65.) Local One was also given the right to call a secret ballot election on the question of whether Covenant employees wanted it as their bargaining representative.

On May 10, 2005, a secret ballot election was held in which Covenant employees rejected Local One as their representative.

### III.  ANALYSIS

#### A.  Legal Standards Applicable to Motions to Dismiss.

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Cleggy v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

3

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). A district court may consider documents attached to a plaintiff's complaint without converting a motion to dismiss into a motion for summary judgment. *Hal Roach Studios, Inc. v. Richmond & Feiner Co., Inc.*, 806 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Unlike a Rule 12(b)(6) motion, in moving to dismiss under Rule 12(b)(1) a party can "attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). Neither the City Defendants nor Covenant has submitted any evidence in support of their motions, and their arguments are based solely upon the allegations in and attachments to the FAC.

### B.  Breach of Contract

In support of this cause of action, Plaintiffs allege that Covenant orally promised On Screen Alarm Resolution Operators ("OSARP operators") additional compensation in exchange for engaging in additional training and taking on additional responsibilities. Plaintiffs also claim that Covenant made a written promise to pay baggage handlers a wage of $14.00 per hour. (FAC, ¶¶ 51-57, Exs. A, N-Q.)

#### 1.  OSARP Pay Increase.

Covenant moves to dismiss the breach of contract cause of action relating to the OSARP pay increase as to all Plaintiffs except Fong and Latosa.[3] Covenant asserts that Local One does not have standing to bring this claim on behalf of all Covenant employees. In order to have standing, an association must demonstrate that: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 343 (1977).

---

[3] There is no suggestion that any of the other individual plaintiffs are asserting this claim.

4

1   It is undisputed that the FAC does not allege that any OSARP operators are members of
2   Local One; yet to establish associational standing, Local One must have at least one member who has
3   standing to sue in his or her own right on this claim. *Hunt*, 432 U.S. at 343. This is a matter that may
4   be cured by amendment and is thus not fatal to Local One's standing to bring this action. However, it
5   is also undisputed that Local One is *not* the recognized bargaining agent for Covenant employees.
6   Thus, the Court concludes that Local One cannot claim to be the associational representative for all
7   Covenant employees and would not have standing to assert claims on their behalf. Rather, Local One
8   may only assert claims on behalf of its members. *See United Food & Commercial Workers v.*
9   *Brown Group, Inc.*, 517 U.S. 544, 556 n.6 (1996).

10   The Court further concludes that there are sufficient facts alleged to show that this cause of
11   action is germane to Local One's purpose, *i.e.* protecting the interests of its members. Setting aside
12   the propriety of the relief sought, Local One does seek prospective relief in the form of a permanent
13   "instatement" of the alleged rate increase. (FAC, ¶ 88 and Prayer ¶¶ G, H.) Accordingly, it has
14   alleged sufficient facts to satisfy the third prong of the *Hunt* test. *See, e.g., United Union of Roofers,*
15   *Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of America*, 919 F.2d 1398, 1400
16   (9th Cir. 1990) (noting that claim for monetary relief on behalf of individual members "run[s] afoul of
17   the third prong of the *Hunt* test, but that claim for prospective relief will not.); *cf. Local 1035, Int'l*
18   *Brotherhood of Teamsters v. Pepsi Cola Allied Bottlers, Inc.*, 83 F. Supp. 2d 301, 305 (D. Conn.
19   1999) (denying motion to dismiss for lack of associational standing concluding that in prayer for relief
20   as to cause of action at issue, plaintiff sought prospective relief and not just money damages).[4]

21   **2.   Breach of Contract - Baggage Handler Pay Rate.**

22   Covenant moves to dismiss the breach of contract claim relating to the alleged offer to pay
23   baggage handlers $14.00 per hour on the ground that it did not make the offer and cannot be bound
24   by an offer made by a third party. As a preliminary matter, the Court notes that the only individual
25   plaintiff to which this claim might possibly apply is Plaintiff Balderama, but Plaintiffs have not specified
26   whether Balderama was damaged as a result of Covenant's alleged breach. In amending their

---

[4] Plaintiffs request leave to exclude any claim for monetary damages by Local One in an amended complaint. That request is GRANTED.

5

complaint, Plaintiffs are directed to make clear which individual plaintiffs are asserting this claim, if any. To the extent Local One seeks to assert this claim on behalf of all Covenant employees, for the reasons set forth above with respect the OSARP pay increase, the Court does not find Local One would have standing to pursue this claim for anyone other than its members.

Assuming Plaintiff Balderama is asserting this claim, the facts alleged, while admittedly minimal, are sufficient to plead a claim for breach of contract. *See Reagan Roofing Co. v. Superior Court*, 24 Cal. App. 4th 425, 434-435 (1992) (elements of breach of contract include existence of contract, performance by plaintiff, defendant's breach and resultant damages). In reaching this conclusion, the Court notes that Exhibit A to the FAC does not clearly establish that Covenant did not make the offer in question. Exhibit A therefore does not contradict Plaintiffs' allegations, which this Court must accept as true in ruling on the motion. *Sanders*, 794 F.2d at 481.

### 3. Conclusion regarding breach of contract.

For the reasons set forth above, the breach of contract claims are dismissed with leave to amend. In their amended complaint, however, Plaintiffs should separate the claims for breach of contract and clearly identify the individual plaintiffs asserting the claims. If Local One chooses to maintain these causes of action on behalf of its members, the Court leaves for another day whether the prospective relief it seeks is appropriate.

### C. Wrongful Termination.

In asserting this claim, Hernandez, Fong, and Montevirgen allege they were unlawfully terminated because, although the CBA with SEIU Local 790 was rescinded, Covenant "assured employees that the company would continue to treat employees fairly in accordance with Fair Labor Standards while also adhering to the terms and conditions in the collective bargaining agreement ... ," which they contains a provision stating that "[t]he Employer may not discipline or discharge an employee without just cause." (*Id.,* Ex. K at p. 6.) Covenant's employee handbook, however, contains a provision which provides that Covenant employees are "employees at will", and that "[n]o statements to the contrary, written or oral, made either before *or during* an individual's employment can change this." (*Id.*, Ex. R at p. 6 (emphasis added).) Plaintiffs also claim that Covenant failed to

6

follow its own "Progressive Discipline" procedure set forth in the employee handbook. (*Id.*, ¶ 64, Ex. R at 22.)

Covenant moves to dismiss this claim on the grounds that: (a) the individual plaintiffs have not alleged termination in violation of public policy; and (b) that if the individual plaintiffs are actually pleading breach of an implied contract, they were at will employees and, thus, could be terminated at any time without or without cause. Plaintiffs attached Covenant's employee handbook to the FAC, and that document is indeed replete with references to "at will" employment. (FAC, Ex. R.) Plaintiffs have not, however, necessarily pleaded themselves out of a cause of action by attaching the document. Taking the allegations in the light most favorably to Plaintiffs, they allege that Covenant failed to follow its own procedures before terminating their employment, and allege Covenant breached an oral agreement to adhere to the terms of the rescinded CBA. As such, the Court cannot say beyond a doubt that these plaintiffs can show no set of facts supporting their claims. *Conley*, 355 U.S. at 45-46.

Because the Court has already granted leave to amend the third cause of action, however, the Court grants Covenant's motion and dismisses this claim with leave to amend.

### D. Fraudulent Removal of Employee Documents.[5]

Plaintiffs' sixth cause of action for "fraudulent removal of documents" relates closely to Plaintiffs' breach of contract claim regarding the OSARP pay increase. Plaintiffs claim that they reviewed their personnel files, saw notices relating to the pay increase, but when they reviewed their personnel files at a later date, the notices had been removed. (*Id.*, ¶¶ 53, 57, 94.) Covenant's motion to dismiss is granted because the facts as alleged do not state a claim for fraud. Reading the facts in the light most favorable to the Plaintiffs, the Court cannot say beyond a doubt that there are no facts on which a fraud claim might be based. Accordingly, this claim is dismissed with leave to amend.

### E. Claims Against the City Defendants.

Plaintiffs assert two causes of action against the City Defendants: (1) a violation of 42 U.S.C. § 1983; and (2) an assertion that the Card Check Resolution violates the Supremacy Clause of the

---

[5] The Court's conclusion as to Local One's standing to assert breach of contract claims on behalf of all covenant employees, as opposed to its members, applies to the Court's conclusion on this claim as well.

7

1  United States Constitution. The factual allegations supporting these claims are quite muddled, which

2  Plaintiffs acknowledged at the hearing on this matter. The Court's understanding of Plaintiffs'

3  allegations is that enactment of the Card Check Resolution violates their civil rights because it violates

4  the National Labor Relations Act and that the City Defendants are using the Card Check Rule in a

5  fashion that discriminates between unions, in contravention of its terms and purpose. (*See* FAC, ¶¶

6  40-43, 75-83).

7  The lack of clarity in the factual allegations has made it difficult for the Court to determine

8  whether Plaintiffs do in fact lack standing to pursue the asserted claims against the city and to

9  determine whether the alleged claims are ripe for review. With that preface, taking the facts alleged in

10 the light most favorable to Plaintiffs, there are facts alleged that may give rise to injuries that are

11 traceable to the enactment and application of the Card Check Resolution. *See San Diego County*

12 *Gun Rights Committee v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) (citing *Lujan v. Defenders of*

13 *Wildlife*, 504 U.S. 555, 560-561 (1992)) (to establish standing plaintiffs demonstrate, *inter alia*, that

14 they an "injury-in-fact" and a causal connection between their injury and the conduct about which they

15 complain). Similarly, there are factual allegations that suggest at least some of Plaintiffs complaints

16 about the City Defendants' conduct are ripe for review.

17 Again, because of the overall lack of clarity of Plaintiffs' FAC, and because the Court is

18 granting Plaintiffs leave to amend the claims against Covenant, the Court grants the City Defendants'

19 motion to dismiss with leave to amend. If Plaintiffs maintain the existing claims against the City

20 Defendants, or if they add new claims, the Court's ruling is without prejudice to the City Defendants

21 renewing their standing and ripeness challenges in a subsequent responsive pleading.

## IV. CONCLUSION

For the foregoing reasons, Covenant's motion to dismiss and the City Defendants' motion to dismiss are granted, with leave to amend as set forth herein. The Court strongly encourages the parties to meet and confer prior to the filing of a second amended complaint.

Plaintiffs are ORDERED to file their amended complaint by no later than June 13, 2005. Defendants shall file their responsive pleadings by no later than July 5, 2005.

The case management conference set for June 17, 2005 is CONTINUED to July 15, 2005. If Defendants move to dismiss Plaintiffs' second amended complaint, the parties should be prepared to submit a case management conference statement that sets out a schedule in the event any such motions to dismiss are denied.

**IT IS SO ORDERED.**

Dated: May 23, 2005

/s/ Jeffrey S. White
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE