IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED SCREENERS ASSOCIATION LOCAL ONE, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.<br><br>    Defendants. | No. C 05-00001 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULINGS AND QUESTIONS FOR THE HEARING SCHEDULED ON OCTOBER 14, 2005:

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

**A.    Covenant's Motion to Dismiss Fourth and Fifth Causes of Action**

The Court **tentatively GRANTS** Covenant's motion without leave to amend these causes of action. The parties each shall have ten (10) minutes to address the following questions:

1. Based on the Plaintiffs' opposition, the Court presumes Plaintiffs concede that Covenant was not acting under color of state law. Would Plaintiffs also concede that the Supreme Court's decision in *Correctional Services Corporation v. Malesko*, 534 U.S. 61 (2001) completely precludes their fourth and fifth causes of action? *See also Agyeman v. Corrections Corporation of America*, 390 F.3d 1101 (9th Cir. 2004). If not, on what basis or bases do they contend that they can maintain these causes of action?

2. The Court has considered Plaintiffs' argument that they have an implied private right of action under the ATSA and finds it to be unpersuasive in light of such cases as *G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Service, Inc.,* 958 F.2d 896, 901-02 (9th Cir. 1992); *Bonano v. East Caribbean Airline Corp.*, 365 F.3d 81, 86 (1st Cir. 2004) ("[W]e join a long list of other courts that have concluded that neither the [FAA] nor the regulations create implied private rights of action."); and *Drake v. Delta Air Lines, Inc.*, 923 F. Supp. 387, 389-93 (E.D.N.Y. 1996) (holding that private right of action for alleged violation of FAA's drug testing regulations and specifically citing enforcement provisions in 49 U.S.C. § 46101, *et seq.* as "strong indicia that Congress did not envision a private right of action") (citing *inter alia*, *Chan v. City of New York*, 1 F.3d 96 (2d Cir. 1993)), *aff'd in pertinent part and rev'd on other grounds*, *Drake v. Delta Air Lines, Inc.*, 147 F.3d 169 (2d Cir. 1998). *Cf. Springs v. Stone*, 362 F. Supp. 2d 686 (E.D. Va. 2005) (discussing ATSA in context of preemption but noting that "[a]t its core and all around its edges, the ATSA is a legislative initiative aimed a [*sic*] strengthening the security of this Nation's transportation infrastructure ... ").

Do Plaintiffs have any contrary authority to show that a private right of action does exist for alleged violations of the ATSA?

**B.    City Defendants' Motion to Dismiss**

The Court **tentatively GRANTS** the City Defendants' motion to dismiss on Rule 12(b)(6) as to Plaintiffs' allegations that the City Defendants violated 42 U.S.C. § 1985. The

Court **tentatively GRANTS IN PART AND DENIES IN PART** the motion to dismiss the Section 1983 claim on the ground that Plaintiffs have failed to allege facts that would state a claim. The Court **tentatively denies** the motion to the extent Plaintiffs' Section 1983 claim is premised on alleged deprivations of rights under the NLRA.

The parties each shall have fifteen (15) minutes to address the following questions:

1. Plaintiffs include the Commission and Mr. Martin as defendants in the body of the SAC. However, these Defendants are not named in any of the specific causes of action asserted.

    a. Are Plaintiffs asserting the first cause of action against the Commission and Mr. Martin? If not, why should the Court not dismiss them from this litigation?

    b. Would Plaintiffs agree that the Airport Commission cannot be sued in its own right?

2. Is the Court correct in its understanding that Plaintiffs are not directly challenging the validity of the Card Check Resolution and do not seek the Court to declare it preempted by the NLRA or otherwise have it declared invalid?

3. Plaintiffs support their Section 1983 claim by alleging that the City Defendants' actions violated rights that they have under the NLRA, due process rights, equal protection rights, and their first amendment right to freedom of association.

    a. To establish a claim for violation of substantive due process, a plaintiff must show "government deprivation of life, liberty, or property." *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998). What is the life, liberty, or property interest that forms the basis of this aspect of Plaintiffs' first cause of action? Where in the SAC are the facts supporting this allegation?

    b. To establish an equal protection claim under Section 1983, Plaintiffs must show they are members of a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998). With respect to this claim, what is the protected class to which they allegedly belong and where in the SAC are facts supporting this allegation?

     c.     How do the City Defendants distinguish *Radcliffe v. Rainbow Construction Co.*, 254 F.3d 772 (9th Cir. 2001), in which the Ninth Circuit permitted a Section 1983 claim (based on alleged violations of section 7 of the NLRA) to go forward against governmental defendants?

     d.     Recognizing that it is not binding authority, how do Plaintiffs distinguish *Hobbs v. Hawkins,* 968 F.2d 471 (5th Cir. 1992), in which the appeals court affirmed the district court's determination that it lacked subject matter jurisdiction over Plaintiffs' Section 1983 claim against government officials (based on alleged deprivations of rights under sections 7 and 9 of the NLRA) to the extent the Section 1983 claim was based on alleged interference with a free election?

     e.     What facts in the SAC support Plaintiffs' claims that their right to freedom of association (presumably the right to join a union and advocate in favor of unionization) were abridged by the City Defendants' actions?

4.     To establish a Section 1983 claim against the City and County of San Francisco Plaintiffs must demonstrate that their injury was caused by an official policy or custom of the City. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Is the Court correct in its assumption that Plaintiffs claim that the Card Check Resolution is the policy or custom in question? If not, what facts are alleged in the SAC to show that the Plaintiffs' alleged injuries have been caused by a governmental policy or custom?

5.     In their opposition, Plaintiffs do not address the City Defendants arguments that they cannot state a claim under 42 U.S.C. § 1985(3) because they do not comprise a class "that requires special federal assistance in protecting civil rights." *See McCalden v. California Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1992). Do Plaintiffs concede this point? If not, on what basis do they contend they can maintain this claim?

Dated: October 11, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4